E. PORTER v. J. H. DURHAM et al.

*Draininy Low Lands—Easement—Notice—Estoppel.*

1. The mode of procedure prescribed by §3, ch. 39 Bat. Rev., in relation to condemning lands and assessing damages arising from the construction and maintenance of canals for draining low lands, should be strictly enforced.

2. The bare presence of one of the owners of servient lands at the time of the appraisement will not preclude him from subsequently assailing collaterally the proceedings, upon the ground that he was not a party, or that he did not have the notice required to be given by the Statute.

CIVIL ACTION, heard by *Philips, Judge,* at Fall Term, 1887, of PENDER Superior Court.

From the judgment of the Court dismissing the action the plaintiff appealed.

The complaint alleges title in the plaintiff to an easement or right of draining the excessive waters upon his own lands through a ditch opened upon the defendants' adjacent lands into a canal used by them in common as a means of directing the overflow and relieving both tracts. The canal is also on defendants' land.

It states further that the easement has been acquired in one of two ways, and has been in use for more than seventeen years:

1st. Under an agreement entered into in 1858 between Levin Lane, from whom the defendants derive title, and one Berry, under whom the plaintiff claims, they being at the time the respective owners, and the continual use and enjoyment of the privilege during the lifetime of said Berry, who, before his death, conveyed the tract held by him to the plaintiff.

2d. Under and by virtue of certain proceedings instituted in 1874, before the county commissioners, according to the laws then in force, and contained in chapter 39 of Battle's Revisal, wherein appraisers were appointed, who entered upon the tract to ascertain and report the benefits and damages, (there being no damages) and apportioned the expenses of enlarging the canal to make the drainage sufficient for both tracts, whereof one-third was imposed on D. T. Durham, ancestor of defendant, and two-thirds upon the plaintiff.

The present action is under § 1310 of *The Code*, and assuming a common property and right to use the canal, seeks to have the expense of removing the accumulated rubbish, and permitting the former free current of water to run, apportioned between the parties.

After several amendments, none of which entirely relieve the case of obscurity, the cause came on for hearing before the Clerk to whom jurisdiction is committed, and he dismissed the proceeding, as did the Judge, upon the plaintiff's appeal.

No proof in writing other than the proceeding taken in 1874, nor of any final agreement, except that alleged to have been made between Lane and Berry, and this, so far as shown, was permissive merely, and gave but a revocable license for the time being, was offered. The proceedings, which took place in 1874, are set out in full, and show that a petition was presented to the County Commissioners, who appointed three appraisers to go upon the premises and assess the value of the benefits to be conferred and damages to

result to defendants' land from the proposed plan of enlarging the canal to the required extent, and ordered that the "Clerk of the Board serve notice as required by law, and that all matters required by chapter 39, Bat. Rev., be performed as by law required." This was on April 6th, 1874, and after the application had been received and allowed; and it no where appears that the defendants' ancestor, Dawson T. Durham, had such notice, except from the fact that he was present on the premises with the appraisers when they were executing the order of the Board.

The report was made some time thereafter, to wit, on May 24th, and confirmed, delaring that "the law in the case of Elisha Porter *v.* D. T. Durham, draining lands, having been complied with as provided by law, summons having been issued, the premises examined by the jury appointed, their report herewith approved having been received, is hereby confirmed," and ordering that the Clerk of their Board file the papers and notify the parties interested, &c. The appraisers also apportioned the cost of the work between the parties, but failed to make any provision for future repairs and cleaning out obstructions.

*Mr. J. D. Bellamy*, for plaintiffs.
*Mr. M. Bellamy*, for defendants.

SMITH, C. J., (after stating the case). The underlying element in the present controversy is the contested validity of the *ex parte* action taken in 1874 by the plaintiff and its efficacy in vesting an easement in him, and this again depends upon the question whether the memoranda in regard to notice, accompanied with the further fact of the presence of Durham with the appraisers when they were acting, is in law an appearance dispensing with the service of notice or summons. The section of the law applicable to this in-

quiry is found in chap. 39, sec. 3, of Bat. Rev., and is in these words:

"The owners of such land (through which the drainage is to be had) shall, if in the county in which said lands or some part thereof is situated, and known to such applicant, have ten days' notice of the time and place of meeting to make such assessment, and may attend before the appraisers, and be heard on the subject of the proposed assessment. Such notice shall be given personally by such applicant in writing, by reading or leaving a copy at last place of residence if the party to be notified resides in the county where said land or any part thereof are situated," with provision for publication, otherwise "said notice, whether personal or made in person or by publication, shall state the time and place of making such assessment, and shall contain a clear description of the proposed work," &c. The proofs so made in case of personal notice must be by *affidavit of the applicant*, attached to a copy of the notice "stating the time, place and mode of service, whether by reading or by true copy left at the last and usual place of residence," and they must be filed with the other papers in the case in the office of the County Register. As the proceeding is summary and special, and results in appropriating one man's property to the use of another without the assent of the former, these minute and particular directions are prescribed as essential to the efficacy of the action of the appraisers, and the plaintiff's contention is that they are dispensed with by the presence of the then owner of the premises when they undertook to perform the assigned duty.

We do not think all these safeguards thus thrown around the exercise of this special power can be thus disregarded and a legal result reached in so doing.

The defendant Durham does not appear on the record as a party, and that he was with the appraisers only appears from their own report to the board. He may have offered

no direct resistance to what the appraisers were doing, as, under license from a preceding proprietor, he had been using this method of drainage, and, as we understand the complaint, the cost of the enlargement, $225, was borne by the plaintiff.

It is quite a different proposition to ask for a judgment against the defendants, compelling them to pay a proportion of the expenses of clearing out obstructions, when, as the answer avers, the former widening was alone for the plaintiff's advantage and not of theirs, the canal being sufficient for the drainage of their land before being enlarged.

We therefore concur in the judgment, dismissing the proceeding.

No error.                                        Affirmed.